# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In re: PAUL KELLEM,

        Petitioner.

                                    **Case No:  6:18-mc-52-Orl-37GJK**

_____

# REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following:

| |
|---|
| **PETITION:   PETITION FOR EXEMPTION OR REDUCTION FROM DISABILITY PURSUANT TO 29 U.S.C § 504 (Doc. No. 1)** |
| **FILED:        August 17, 2018** |
| **THEREON** it is **RECOMMENDED** that the petition be **GRANTED**. |

## I.   PROCEDURAL HISTORY

This matter comes on for consideration of the "Petition for Exemption or Reduction from Disability Pursuant to 29 U.S.C. § 504" (the "Petition"), filed on August 17, 2018. Doc. No. 1. Petitioner plead guilty to fraud and fraudulent use of a credit card in 2007. Doc. No. 7-4 at 3-4. Pursuant to 29 U.S.C. § 504(a), due to the convictions, Petitioner is prohibited from serving in certain enumerated authority positions within a labor organization for thirteen years after his

conviction, which would be October 2020.[1] The Petition is brought under § 504(a)(5), which permits an exemption from the ban or a reduction from it.

On October 5, 2018, the Petition was referred to the undersigned for a report and recommendation. On November 1, 2018, the undersigned issued an Order and Notice of Evidentiary Hearing (the "Order"). Doc. No. 2. The Order noticed the evidentiary hearing on the Petition for January 9, 2019, and directed the Clerk to serve the Order on the following:

- o  Alexander Acosta, Secretary of Labor;
- o  D. Jolyn Underwood, Acting District Director, United States Department of Labor, Office of Labor-Management Standards;
- o  Susan Nixon, United States Department of Labor, Office of Labor-Management Standards;
- o  Maria Chapa Lopez, U.S. Attorney for the Middle District of Florida; and
- o  Phil Archer, State Attorney, Office of the 18th Judicial Circuit State Attorney.

*Id.* at 3-4. The Order stated that "[i]f any of the above contest the Petition, they shall file a notice of appearance within twenty-one days of being served." *Id.* at 4. None of those served filed a notice of appearance.

On December 21, 2018, Petitioner and the Department of Labor filed a Joint Pre-Hearing Statement (the "Pre-Hearing Statement"). Doc. No. 7. On January 9, 2019, the undersigned held the evidentiary hearing. Doc. No. 11. Petitioner appeared and testified on his own behalf. *Id.* Petitioner also presented the testimony of Richard Ross, Katrailya Williams, and Keith Britt. *Id.* Counsel for the Department of Labor appeared and entered into evidence, without objection, the Department of Labor's Report of Interview, which appears on the docket at Doc. No. 7-4, as Government's Exhibit 1 (the "Interview Report"). *Id.* After conducting its own investigation, the

---

[1] Petitioner does not concede that his convictions are qualifying offenses under 29 U.S.C. § 504(a), Doc. No. 1 at 11 n.12, but did not raise this argument at the hearing on the Petition.

Department of Labor has decided not to oppose the Petition, insofar as it seeks an exemption regarding certain positions within Petitioner's local union. Doc. No. 7.

## II.    <u>FINDINGS OF FACT</u>[2]

In 2007, Petitioner was injured while working as a Longshoreman, a position he still holds today. The injury temporarily precluded him from working as a Longshoreman, and he was facing mounting bills. Petitioner also had a side business. Petitioner used the routing number on a check from one of his side business's clients to pay his electric bill. Petitioner also used a friend's name to open a credit card and made at least one charge on the credit card without paying for it.[3] These acts led to convictions in Florida state court for organized fraud and fraudulent use of a credit card in 2007. Petitioner had no criminal history prior to these convictions. He was ordered to three years' probation, and the probation was terminated early.

Since the convictions, Petitioner has taken full responsibility for his crimes and has no subsequent convictions. Petitioner speaks freely to his family and community about his "stupid" mistakes, hoping to teach them that people can make mistakes in life, but can also redeem themselves.

As noted above, Petitioner continues his work as a Longshoreman. Since 2007, he has become a model citizen. Petitioner contributes to his community by participating in getting-out-the-vote initiatives, turkey and bike giveaways, and coaching football, among other things.

---

[2] The facts are derived from the witnesses' testimony at the evidentiary hearing and the Interview Report.
[3] Petitioner testified at the hearing that he used this method to pay his electric bill once and that he used the credit card once. The Interview Report states that Petitioner used the routing number three times and the credit card several times. Doc. No. 7-4 at 3. Considering that the offenses occurred eleven years ago, and Petitioner's demeanor while testifying, the Court credits Petitioner's testimony that he does not recall the exact number of incidents and that he in no way intended to mislead the Court.

Petitioner's tenant and friend, Katrailya Williams, testified that Petitioner is trustworthy, responsible, polite, kind, and hardworking. She has seen him giving blankets to the homeless and buying gas for people that do not have the money to pay for it, in addition to donating gift cards to the church to distribute to those in need.

Petitioner's friend since 1984, Keith Britt, testified as to Petitioner's kindness and generosity. When Britt's father died last year, Petitioner paid for Britt and his wife to fly to the funeral. When Britt was in the hospital in 2009, Petitioner was by his bedside. When Britt was released from the hospital and could not see, Petitioner took him for car rides and assisted him with tasks.

In 2007, Petitioner became active in the International Longshoremen's Association at Port Canaveral (1359-1860) Local Union (the "Local Union"). He was elected to the audit committee, and served as its chair from 2010 through 2015. As chair, Petitioner uncovered misappropriation of funds, including people writing checks to themselves and non-union people, lack of receipts, and payments for a storage unit being used for personal purposes. Petitioner ensured that this information was reported to the Local Union's Executive Board and the District.

In late 2016, Petitioner was elected Financial Secretary and Treasurer. The Financial Secretary oversees the Local Union's fiscal operations and maintains its financial records. The Treasurer makes bank deposits and issues checks. The Local Union handles approximately $800,000 per month. In these positions, Petitioner discovered misuse of funds by the Local Union's former president.

Petitioner also served as Recording Secretary. The Recording Secretary is charged with keeping the minutes of the Local Union's meetings and distributing literature to the members.

Richard Ross, the current president of the Local Union, testified that Petitioner is an asset to the organization. He testified that he relies on Petitioner to keep accurate accounts and make sure that the Local Union will remain solvent. Ross asked Petitioner to prepare additional reports for him, and Petitioner ensures that the rules are followed to the letter.

Petitioner and Ross testified that they learned of the ban on Petitioner serving in leadership positions when the Department of Labor informed them of it via letter. Upon learning of the ban, Petitioner immediately stepped down from the Financial Secretary, Treasurer, and Recording Secretary positions.

## III.  DISCUSSION

### A.  Standard.

Under 29 U.S.C. § 504(a)(2), (5), no person who has been convicted of certain crimes shall serve as an officer, member of any executive board, or representative in any capacity of any labor organization or in any capacity that involves decisionmaking authority concerning a labor organization's moneys, funds, assets, or property. The prohibition lasts for thirteen years after conviction. *Id.* § 504(a). The prohibition may be lifted, however, if the United States district court for the district in which the offense was committed determines that the person's service in such a capacity "would not be contrary to the purposes of this chapter." *Id.* "Prior to making any such determination the court shall hold a hearing and shall give notice of such proceeding by certified mail to the Secretary of Labor and to State, county, and Federal prosecuting officials in the jurisdiction or jurisdictions in which such person was convicted." *Id.* The district court shall make the determination "pursuant to sentencing guidelines and policy statements under section 994(a) of Title 28 . . . ." *Id.*

In the Petition, Petitioner asks the Court to exempt him from the thirteen-year ban, or, in the alternative, reduce the thirteen years to ten years. Doc. No. 1 at 1. In the Pre-Hearing Statement, the Department of Labor questions the Court's jurisdiction to reduce the ban, but does not oppose Petitioner being exempted from the ban to continue his positions of Recording Secretary, Financial Secretary, and Treasurer. Doc. No. 7 at 2-3. Thus, Petitioner now asks solely for an exemption, and does not seek the alternative relief of a reduction.[4] *Id.* at 8.

An exemption may be granted if the district court judge, pursuant to the Sentencing Guidelines and the policy statements expressed in 28 U.S.C. § 994(a), finds that Petitioner's service would not be contrary to § 504's purposes. 29 U.S.C. § 504(a). The purpose of § 504 is to "secure high standards of responsibility and ethical conduct in labor organizations by locking out ... those people who demonstrate an inability to abide by such standards." *United States v. Cullison*, 422 F. Supp. 2d 65, 68 (D.D.C. 2006); *see also* 29 U.S.C. § 401(a).

Under the Sentencing Guideline's policy regarding exemptions from § 504(a),

> relief shall not be given to aid rehabilitation, but may be granted only following a clear demonstration by the convicted person that he or she has been rehabilitated since commission of the disqualifying crime and can therefore be trusted not to endanger the organization in the position for which he or she seeks relief from disability.

U.S. Sentencing Guidelines Manual § 5J1.1. Petitioner "has the burden of clearly showing that he is rehabilitated." *Local Union 705 v. U.S. Dep't of Labor*, No. 03 C 5480, 2003 WL 22836375, at *2 (N.D. Ill. Nov. 24, 2003). The Court must analyze whether Petitioner is fully rehabilitated and can be trusted not to endanger the Local Union, and whether Petitioner's service as a Financial Secretary, Treasurer, and Recording Secretary would not be contrary to ensuring that

---

[4] Therefore, the question of whether the Court has jurisdiction to reduce the ban is not addressed.

the Local Union's officials adhere to the highest standards of responsibility and ethical conduct in administering the Local Union's affairs. 18 U.S.C. § 504(a)(5); U.S. Sentencing Guidelines Manual § 5J1.1.

      **B.**      **Whether Petitioner made a clear demonstration that he has been rehabilitated and can be trusted not to endanger the Local Union.**

The Court must determine whether Petitioner made a clear demonstration that he has been rehabilitated since 2007 and can be trusted not to endanger the Local Union. U.S. Sentencing Guidelines Manual § 5J1.1. There was no conflict in the witnesses' testimony. In the eleven years since his convictions, Petitioner has become an upstanding citizen, dedicated to helping others and his community. The witnesses, who have known Petitioner for years, attest to his trustworthiness. Additionally, Petitioner admits his mistakes and freely discusses his past in an attempt to help others. After hearing the witnesses' testimony, which the undersigned finds credible, and reviewing the Interview Report, the undersigned finds that Petitioner clearly demonstrates that he is rehabilitated and can be trusted not to endanger the Local Union.

      **C.**      **Whether Petitioner's service as Financial Secretary, Treasurer, and Recording Secretary would not be contrary to ensuring that the Local Union's officials adhere to the highest standards of responsibility and ethical conduct in administering the Local Union's affairs.**

The Court must also determine whether Petitioner's service as Financial Secretary, Treasurer, and Recording Secretary would not be contrary to ensuring that the Local Union's officials adhere to the highest standards of responsibility and ethical conduct in administering its affairs. 18 U.S.C. § 504(a)(5). In making this determination, the undersigned weighs the gravity of the crimes and the nexus between the crimes and the union positions. *United States v. Peters*, 938 F. Supp. 2d 296, 301-02 (N.D.N.Y. 2013). Weighing against Petitioner is this nexus. Petitioner pled guilty to ongoing fraud and fraudulent use of a credit card. Both crimes involved victims that

were not strangers to Petitioner—a business client and a friend. The positions of Financial Secretary and Treasurer require access to the Local Union's substantial accounts and are fiduciary positions.

The gravity of Petitioner's offenses, however, weighs in favor of granting the exemption. The crimes involved low dollar amounts.

The undersigned finds that the crimes, committed eleven years ago, were an anomaly in Petitioner's life. He has no prior or subsequent criminal record. Since the crimes, he has become an upstanding member of the community. As stated by the current president of the Local Union, Petitioner's service in the Local Union demonstrates that he is an asset to it. Rather than being contrary to the highest standards of responsibility and ethical conduct in administering the Local Union's affairs, the evidence before the Court is that Petitioner's participation as Financial Secretary, Treasurer, and Recording Secretary would ensure that the Local Union's officials are held to the highest standards.

## IV.   <u>CONCLUSION</u>

Petitioner clearly demonstrates that he is rehabilitated since 2007 and can be entrusted not to endanger the Local Union. His service as Financial Secretary, Treasurer, and Recording Secretary would not be contrary to ensuring that the Local Union's officials adhere to the highest standards of responsibility and ethical conduct in administering the Local Union's affairs. Thus, Petitioner has met his burden and shown an exemption for the positions at issue is warranted.

Based on the forgoing, it is **RECOMMENDED** that the Court **GRANT** the Petition and find that Petitioner is exempt from the ban as it applies to him serving in the positions of Financial Secretary, Treasurer, and Recording Secretary in the International Longshoremen's Association at Port Canaveral (1359-1860) Local Union.

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

**RECOMMENDED** in Orlando, Florida, on January 11, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record